Jefferson S. Smith, Esq.
MURCHISON & CUMMING
750 B Street, Suite 2550
San Diego, California 92101
Telephone: (619) 544-6838

Attorneys for Defendants
Avis, Inc. and United States of America

KAREN P. HEWITT
United States Attorney
DIANNE M. SCHWEINER
Assistant U.S. Attorney
California State Bar No. 188013
Office of the U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5680
Facsimile:  (619) 557-5004

Attorneys for Defendant
United States of America

FILED
2008 AUG 19 PM 3:13
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

'08 CV 1522 WQH BLM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| PHU LE, | Case No. |
|---|---|
| Plaintiff, | |
| vs. | EX PARTE APPLICATION FOR AN ORDER ESTABLISHING TIME TO RESPOND TO PLAINTIFF'S COMPLAINT |
| NICHOLAS W. BELLENBAUM; AVIS, INC. dba AVIS RENT A CAR; AND DOES 1 TO 20, | |
| Defendants. | Removed from Superior Court of California County of San Diego Case No. 37-2008-00085095-CU-PA-CTL |

Pursuant to Fed. R. Civ. P. 6(b)(1), it is requested that the Court issue an order specifying the time for response to the Complaint filed in this action, which was removed from state court on August 19, 2008.[1/] Plaintiff's Complaint purports to raise personal injury tort claims.

///

///

---

[1/] Such an order is authorized under Federal Rule of Civil Procedure 6(b)(1), which provides discretionary authority to enlarge time "with or without motion or notice...." Authority to enlarge time naturally encompasses the power to designate the proper time for response to a complaint.

The Complaint was removed from the state action to this Court, and at the same time it was Certified that the federal employee Defendant was acting within the scope of his employment at the time of the incidents alleged in the Complaint. Accordingly, under the provisions of 28 U.S.C. § 2679(b)(1), the United States will be substituted for the federal employee Defendant as to the tort claims therein, which will be adjudicated under the Federal Tort Claims Act, 28 U.S.C. 1346 (b), et. seq.

Ordinarily, in an action originally filed in United States District Court against the United States, the time for response to a complaint against the United States is set forth in Fed R. Civ. P. 12(a). That rule affords "60 days after service upon the United States Attorney . . ." within which to respond to the complaint, as opposed to the 20 days generally afforded to non-federal defendants under the Rule.

After removal of a state court action to a district court, a defendant ordinarily need respond:

> [W]ithin 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, which ever period is longest.

Fed. R. Civ. P. 81(c). Rule 81(c) does not distinguish between cases brought against federal entities and those brought against non-federal defendants. Nor does Rule 81(c) address the circumstance of this action where the United States does not become a party to an action until removal of the case and certification that an individual defendant was acting in the scope of his duties as to alleged tort claims.

Accordingly, in order to clarify a time to respond to the Plaintiff's Complaint, and to ensure that the United States is able to utilize its 60 days provided by Rule 12 to prepare its response, it is requested that the Court issue an order establishing that the UNITED STATES OF AMERICA shall have 60 days from the date of removal to respond to Plaintiff's Complaint.

DATED: August 19, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*[signature]*

DIANNE M. SCHWEINER
Assistant U.S. Attorney